UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JENNIFER LOUISE LOPEZ,                           :   ECF Case
                                                 :
                    Plaintiff,                   :
                                                 :   Case No. 15-cv-7020 (NRB/dcf)
         -against-                               :
                                                 :
THE CITY OF NEW YORK, NYPD OFFICERS              :
DOE1-20, CECIL HOUSING DEVELOPMENT               :
FUND CORPORATION, HOUSING AND                    :
SERVICES, INC., and RALPH GARCIA,                :
                                                 :
                    Defendants.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


# PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HER MOTION FOR A PRELIMINARY INJUNCTION


Donald R. Dunn, Jr. (DD0069)
Law Office of Donald R. Dunn, Jr.
441 East 139th Street
Bronx, New York 10454
Telephone: (347) 270-1863
Email: Donald@drdunnlaw.com


*ATTORNEY FOR PLAINTIFF*

Plaintiff respectfully submits this Reply Memorandum of Law In Further Support of her motion for a preliminary injunction against Owner Defendants and the City Defendants. In her moving papers, Plaintiff established the following points, among others:

(i) since becoming Owner's tenant, Plaintiff has been the victim of near constant abuse and harassment -- including threats of violence, bodily harm and threats to kill Plaintiff -- at the hands of her Tormentors, who have selected Plaintiff for abuse in whole or substantial part because of Plaintiff's gender identity;

(ii) Owner interferes with Plaintiff's attempts to exercise her right as a crime victim to file a criminal complaint with the NYPD, falsely represented that Plaintiff's dispute is part of a special "program" that would be addressed as part of the "program" by the "program coordinator," falsely implying that the Cecil Hotel's tenants are all under some legal impairment; by ridiculing, demeaning or otherwise undermining Plaintiff to the responding officers; and by using defendant Garcia's status as a retired police officer to conspire with the NYPD to deny Plaintiff her right as a victim of a hate crime to file a complaint with the NYPD;

(iii) the NYPD refuses to take and file Plaintiff's criminal complaint against her Tormentors or to respond to her calls for help in a non-discriminatory manner, because of discriminatory animus against persons of trans experience and further to the City's policy of discrimination against such persons, which refusal further emboldens Plaintiff's Tormentors;

(iv) Owner and its chief of security, defendant Ralph Garcia ("Owner Defendants") acted under color of state law by accepting from the NYPD the authority and responsibility for taking and investigating Plaintiff's criminal complaint, i.e., for a "program coordinator" to resolve the matter as part of a "program," and by specifically and expressly conspiring with the NYPD to deprive Plaintiff of her constitutional rights;

(v) Owner Defendants' and City Defendants' conduct violates Plaintiff's equal protection and due process rights by selectively withdrawing from her police protection otherwise available in the community because she is a disfavored person and by facilitating Plaintiff's vulnerability to her Tormentors;

(vi) Plaintiff's claims and Defendants' conduct is subject to heightened scrutiny because Plaintiff is a member of a quasi-suspect class and because Plaintiff's fundamental liberty interest is affected; and

(vii) each day that Plaintiff is publicly denied the police protection otherwise available in the community, she suffers further irreparable harm to her personal dignity faces the constant threat of irreparable harm to her person.

Based upon that showing, Plaintiff is entitled to a preliminary injunction enjoining Owner Defendants from further interfering with Plaintiff's attempts to file a criminal complaint or obtain police protection otherwise available in the community and enjoining the City Defendants from further denying Plaintiff those same rights, i.e., to discharge their respective duties, whether arising under or reflected in the House Rules or NYPD Patrol Guide, in a non-discriminatory manner.

In opposition, both the Owner Defendants and City Defendants fail to address, much less rebut, Plaintiff's prima facie showing of entitlement to relief. Most notably, Defendants do not dispute that heightened scrutiny applies to Plaintiff's claims. Defendants, however, fail to address that standard their legal arguments. Defendants also do not dispute either the Owner Defendants' interference with Plaintiff's efforts to file a complaint or the NYPD's protracted failure to take a criminal complaint from Plaintiff. Instead, Defendants misconstrue the nature of the Tormentors' violence against Plaintiff as mere name calling, despite Plaintiff's showing of specific threats to kill Plaintiff, admissions to the police by Tormentors of their criminal conduct,

and a deliberate campaigns to inflict psychological and bodily harm upon Plaintiff. Defendants also fail to address the proposition that the public, ongoing violation of Plaintiff's Constitutional rights works an independent irreparable injury to Plaintiff's personal dignity constituting harm for the purposes of an injunction, focusing instead on the likelihood and imminence of bodily harm from Tormentors.

Instead of addressing Plaintiff's core allegations of intentional discrimination under color of state law, Defendants resort to irrelevant arguments or factual red herrings. For example, the Owner Defendants mischaracterize Plaintiff's allegations as relating to a state housing court nonpayment proceeding, mentioned nowhere in Plaintiff's papers, and then devote several pages discussing case law not relevant to Plaintiff's actual claims. Although Owner's housing court action against Plaintiff appears to have been filed before the instant action, Plaintiff had not received notice of that filing when she commenced this action. In any event, the state court proceeding is not the subject of Plaintiff's request for injunctive relief and is not one of the factual elements of Owner Defendants' culpable conduct effected under color of state law. Owner Defendants address the issue of psychiatric services that had been resolved. For the avoidance of doubt, Plaintiff hereby withdraws from her requested injunction any request for psychiatric counseling services. Notably Owner Defendants simply do not address the actual conduct complained of, e.g., interfering with Plaintiff's efforts to receive police protection otherwise available in the community and conspiring with the NYPD to deprive Plaintiff of her constitutional rights. Similarly, the City Defendants argue that Plaintiff has no right to an adequate investigation, missing entirely Plaintiff's point that she is entitled not to be deprived of an investigation otherwise available merely because she is a disfavored person.

The Defendants also paint a parade of horribles based upon their portrait of Plaintiff's request for relief, arguing that granting Plaintiff's motion would implicate the First Amendment

4

rights of Owner's other tenants or the right of such persons to be free of arrest without probable cause.  Plaintiff simply has not requested any order directed at her neighbors or any other purely private party, much less to chill their speech or direct their arrest absent probable cause or direct any other specific outcome of the NYPD's discharge of its duties to take and file from crime victims complaints of criminal conduct.

      For all of the foregoing reasons, and for the reasons set forth in the Lopez Declaration and the Complaint, the Court should grant Plaintiff's motion for a preliminary injunction, enjoin Owner Defendants from interfering with Plaintiff's lawful attempts to obtain police protection otherwise available in the community, enjoin Owner from denying Plaintiff the protection of Owner's own house rules, enjoin the City from further refusals to take and file from Plaintiff her complaints of criminal conduct against any person who commits a criminal act against Plaintiff, and award Plaintiff such other and further relief as is just and proper.

Dated: Bronx, New York  
       December 9, 2015

LAW OFFICE OF DONALD R. DUNN, JR.

By: _____/S/_____  
    Donald R. Dunn, Jr. (DD0069)

441 East 139th Street  
Bronx, New York 10454  
347-270-1863  
Donald@drdunnlaw.com

Attorney for Plaintiff