

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**JEFFREY LOPERFIDO**
Senior Counsel
Phone: (212) 356-2384
Fax: (212) 356-3509
jloperfi@law.nyc.gov

August 2, 2016

**BY ECF**
Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Lopez v. City of New York, et al.</u>, 15 Civ. 7020 (NRB) (DCF)

Your Honor:

      I am an attorney in the office of Zachary W. Carter, Corporation Counsel of the City of New York, counsel for Defendant City of New York ("City") in the above-referenced action. We write to request a 60 day enlargement of time to answer or otherwise respond[1] to the Amended Complaint (DE 45, "AC"). Plaintiff's counsel, Donald Dunn, Esq., consents to this request.

      By way of brief background, the original complaint was filed on September 4, 2015, and an Order to Show Cause seeking injunctive relief was filed on September 8, 2015. On November 23, 2015, the City filed a pre-motion conference letter, seeking permission to file a Motion to Dismiss. Concurrently, the parties were engaged in motion practice concerning the injunctive relief, which relief was denied on May 13, 2016. Thereafter, the parties were present for a conference on June 8, 2016, in which plaintiff indicated he would be filing an amended complaint. Plaintiff was to file by June 29, 2016, and then sought an extension on July 13, 2016, asking to be permitted to file on July 18, 2016. Plaintiff filed his amended complaint on July 19, 2016,[2] and, pursuant to the Court's endorsement at DE 44, the City has until August 5, 2016 to file its anticipated pre-motion conference letter. The City is now seeking an enlargement of that time as the AC is not simply a shoring up of the prior allegations, but is an entirely new document, with new claims and allegations that need to be investigated.

---

[1] The City anticipates that it will likely submit a pre-motion conference letter contemplating a motion to dismiss.

[2] The amended pleading was rejected as untimely on July 20, 2016. *See* Docket Entry dated July 20, 2016.

This action, brought by Plaintiff Jennifer Louise Lopez pursuant to 42 U.S.C. § 1983 and New York state law, arises from an alleged campaign of harassment perpetuated against Lopez by certain private citizens in the housing project where she resides. While the original complaint contained a single cause of action against the City under 42 U.S.C. § 1983, see Compl. (DE 1) ¶¶ 98-115 ("Count II - 42 U.S.C. § 1983 - City of New York"), the AC is much broader. Plaintiff now alleges that a series of events have occurred since the filing of the lawsuit: that plaintiff was placed into an involuntary psychiatric hold two times, both at the behest of a security officer at her apartment building whom she claims is a retired NYPD Lieutenant who colludes with the NYPD (AC ¶8); that Plaintiff was arrested during an incident in which her alleged cross-complainant was not (AC ¶9); and that the NYPD served an Order of Protection on plaintiff, which has caused her to leave her residence (AC ¶10).[3] These four incidents as alleged require investigation before the City can properly respond. Moreover, as plaintiff has not named any of the officers she alleges took part in any of these incidents, this undertaking is one which necessitates an enlargement of time in order to properly determine those involved.

No previous request for an enlargement to respond to the AC has been made on behalf of the City. Accordingly, the undersigned respectfully request that the time for the City to answer or otherwise respond to the complaint be extended until October 4, 2016.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/
Jeffrey Loperfido
Melissa Wachs
*Senior Counsels*

cc:   All counsel of record via ECF

---

[3] The latter two incidents occurred after the June 8, 2016 conference, at which leave to amend was granted. This presents the worrisome proposition that, should plaintiff have additional encounters with the police due to her own conduct or the conduct of others, this complaint will continue to evolve by measures and defendants will be faced with the continual task of reformatting their defenses and theory of the case.